UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIMOWA DISTRIBUTION, INC., <br>          Plaintiff, <br> <br> v. <br> <br> SAMSONITE LLC, <br>          Defendant. | Civil Action No. _____ <br> <br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Rimowa Distribution, Inc. ("Rimowa" or "Plaintiff") brings this action for patent infringement against Defendant Samsonite LLC ("Samsonite" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement under 35 U.S.C. §§ 271, *et seq.*, by Rimowa against Samsonite.

### PARTIES

2.      Plaintiff Rimowa Distribution, Inc. is a Delaware corporation with its principal place of business in Flower Mound, Texas.  Rimowa is the exclusive licensee of U.S. Patent No. 7,398,868 from its parent Rimowa GmbH.  Rimowa is a wholly owned subsidiary of Rimowa GmbH.  Rimowa is in the business of distributing and selling luggage, traveling cases and suitcases, trunks, and briefcases.  Rimowa advertises, promotes, sells and distributes its products in interstate commerce in the United States, specifically including the Commonwealth of Massachusetts.

3.      Upon information and belief, Defendant Samsonite is a Delaware limited liability

1

company organized and existing under the laws of Delaware, with a principal place of business at 575 West Street, Suite 110, Mansfield, Massachusetts, United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Rimowa asserts claims for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, including 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Samsonite. Samsonite has a principal place of business in Massachusetts. Samsonite regularly and deliberately engaged in and continues to engage in activities that result in using, selling, offering for sale, and/or importing infringing products in and/or into the Commonwealth of Massachusetts and this judicial district. Samsonite, directly or through intermediaries (including distributors, retailers, and others) purposely and voluntarily offers products for sale to persons in Massachusetts. Samsonite's products, including the Hartmann PC4 Garment Bag Spinner that is the subject of this patent infringement suit, have been and continue to be sold to persons in Massachusetts and in this judicial district through established distribution channels. Additionally, Samsonite advertises Hartmann products that are the subject of this suit on a website that is publicly accessible to Massachusetts residents. Samsonite has committed acts of patent infringement within the District of Massachusetts.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## U.S. PATENT NO. 7,398,868

7. On July 15, 2008, the U.S. Patent and Trademark Office, after full and fair examination, duly and legally issued to Dieter Morszeck as inventor, Rimowa GmbH as

assignee, United States Patent No. 7,398,868, entitled "Suitcase Comprising Mounted Pockets" (the " '868 patent"), a true and correct copy of which is attached as Exhibit A.

8. As is more fully reflected in the '868 patent summary of the invention, and without limitation, the invention improves a suitcase so that it can be comprised of strong shells and have pockets attached on the sides.

9. Plaintiff Rimowa is the exclusive licensee of the '868 patent from Rimowa GmbH. Rimowa possesses substantial rights in the '868 patent. As such, Rimowa has standing to enforce the '868 patent as sole plaintiff and sue for infringement, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

10. The '868 patent is valid and enforceable.

**INFRINGEMENT OF U.S. PATENT NO. 7,398,868**

11. Rimowa incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

12. Samsonite has directly infringed, and is directly infringing, the '868 patent by, among other activities, making, using, offering for sale, selling, and/or importing in this judicial district and elsewhere in Massachusetts and the United States, without authority or license from Rimowa, products falling within the scope of clams 1-12 of the '868 patent, specifically including the Hartmann PC4 Garment Bag Spinner.

13. Rimowa is the exclusive licensee of the '868 patent and possesses the sole right to assert all causes of action arising under the '868 patent and the right to any remedies for infringement of it.

14. Upon information and belief, Samsonite and its customers have infringed and continue to infringe, either literally or under the doctrine of equivalents, claims 1-12 of the '868

patent by at least making, using, offering for sale, and/or selling the Hartmann PC4 Garment Bag Spinner and are liable for infringement of the '868 patent pursuant to 35 U.S.C. §271.

15. Samsonite is not licensed under the '868 patent.

16. As a result of Samsonite's infringement of the '868 patent, Rimowa has been irreparably injured. Unless such infringing acts are enjoined by this Court, Rimowa will continue to suffer additional irreparable injury.

17. As a result of Samsonite's infringement of the '868 Patent, Rimowa has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Rimowa would have made but for Samsonite's infringing acts.

## PRAYER FOR RELIEF

WHEREFORE, Rimowa requests the following relief:

(a) a declaration that Samsonite directly infringes, and has infringed, the '868 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

(b) equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Samsonite and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of the '868 patent;

(c) an award of damages sufficient to compensate Rimowa for infringement of the '868 patent by Samsonite, together with prejudgment and post-judgment interest under 35 U.S.C. § 284;

(d) an accounting for damages;

(e) an order compelling Samsonite to compensate Rimowa for any ongoing and/or future infringement of the '868 patent, in an amount to be determined;

(f) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 awarding Rimowa its reasonable attorney fees, costs, and expenses; and

(g) such other relief as deemed just and proper by the Court.

## JURY TRIAL DEMAND

Plaintiff Rimowa demands a trial by jury on all issues triable by right of jury.

                              Respectfully Submitted by Rimowa,

                              By and through its attorneys,

Dated: April 15, 2015           */s/ Catherine I. Rajwani*

                              Catherine I. Rajwani, Esq. (BBO# 674443)
                              Lucia Passanisi, Esq. (BBO# 691189)
                              THE HARBOR LAW GROUP
                              300 West Main Street, Building A, Unit 1
                              Northborough, MA 01532
                              Phone: (508) 393-9244
                              Fax: (508) 393-9245
                              Email: crajwani@harborlaw.com
                              Email: passanisi@harborlaw.com